UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GRANT,<br><br>    Plaintiff,<br><br>    v.<br><br>PAR, INC. et al.,<br><br>    Defendants. | Case No. 22-cv-04434-JD<br><br>**ORDER RE ARBITRATION** |

In this case challenging the manner in which defendants repossessed plaintiff's car, defendant PAR, Inc. has moved to compel arbitration. Dkt. No. 42. The parties' familiarity with the record is assumed, and arbitration is denied.

"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986) (quotations and citation omitted). PAR acknowledges that it "had no direct contract with plaintiff" and "hence is not a signatory to an arbitration provision" with plaintiff. Dkt. No. 42 at 9. Even so, PAR says that it may compel arbitration as an "agent of Santander" under the arbitration clause in plaintiff's Retail Installment Sale Contract, *id*. at 10.

The point is not well taken. To start, PAR's agreement with Santander, which PAR submitted in support of its arbitration motion, plainly demonstrates that PAR was an independent contractor of Santander, and not an agent. *See* Dkt. No. 42-2 at ECF p. 24 (PAR "shall at all times and for all purposes[] constitute an independent contractor," and "nothing in" the agreement "shall be deemed to create an agency . . . relationship" between Santander and PAR). Even assuming purely for discussion that PAR were an agent of Santander, the plain language of the arbitration provision in the Retail Installment Sale Contract shows that PAR still would not have had an

arbitration agreement with the plaintiff. Dkt. No. 42-1 at ECF p. 11. That contract is between plaintiff as a co-buyer and Daly City Mitsubishi as the seller-creditor. The arbitration provision in the contract provides in relevant part that "any claim or dispute . . . between you and us or our . . . agent . . . or assigns, which arises out of or relates to . . . this contract or any resulting transaction or relationship . . . shall, at your or our election, be resolved by neutral, binding arbitration." *Id*. Both parties have submitted the same copy of the arbitration provision which shows that Daly City Mitsubishi assigned its interest in the contract to Santander Consumer USA. *See id*. Consequently, only Daly City Mitsubishi (and possibly Santander Consumer USA, as its assignee) had any contractual agreement to arbitrate with plaintiff. Nothing in the contract indicates that plaintiff also agreed to arbitrate with Daly City Mitsubishi's assignee's agent, which is what PAR is now contending it is. Simply put, the plain language of the contract does not support PAR's position that it has the right to enforce this arbitration provision against plaintiff Grant, even though PAR was not a signatory to the agreement.

PAR suggests in the alternative that it may enforce this arbitration provision against plaintiff under the "doctrine of equitable estoppel," Dkt. No. 42 at 10-11. Not so. As the United States Supreme Court has observed, "[g]enerally, in the arbitration context, 'equitable estoppel allows a nonsignatory to a written agreement containing an arbitration clause to compel arbitration where a signatory to the written agreement must rely on the terms of that agreement in asserting its claims against the nonsignatory.'" *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1644 (2020). Under California law, "[t]he *sine qua non* for allowing a nonsignatory to enforce an arbitration clause based on equitable estoppel is that the claims the plaintiff asserts against the nonsignatory are dependent on or inextricably bound up with the contractual obligations of the agreement containing the arbitration clause." *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 213-14 (2009).

That is not the case here. The gravamen of plaintiff's complaint goes to the manner in which his car was repossessed by defendants PAR and Daybreak Metro. He alleges that those defendants failed to carry out the repossession in a peaceful and lawful manner, and that they consequently violated the Fair Debt Collection Practices Act, the Rosenthal Fair Debt Collection

1 Practices Act, and California Commercial Code § 9609, and committed the common law tort of
2 conversion. These causes of action do not "rely on the terms of" the Retail Installment Sale
3 Contract, *GE Energy*, 140 S. Ct. at 1644, and plaintiff's claims against PAR and Daybreak Metro
4 are not "dependent on or inextricably bound up with the contractual obligations of" the Retail
5 Installment Sale Contract, *Goldman*, 173 Cal. App. 4th at 213-14.

PAR made a cursory mention in a reply brief that it should also be permitted to enforce the arbitration agreement as a third-party beneficiary. Dkt. No. 48 at 4. An argument raised for the first time in a reply need not be considered, and the point lacks merit in any event. "A third party may only assert rights under a contract if the parties to the agreement intended the contract to benefit the third party." *Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1233-34 (9th Cir. 2013). PAR has failed to meet its burden to show that that was the case here. *See id*. As the circuit observed in *Murphy*, "[t]he mere fact that a contract results in benefits to a third party does not render that party a 'third party beneficiary.'" *Id*. PAR has not shown anything more than that.

Defendant PAR, Inc.'s motion to compel arbitration, Dkt. No. 42, is consequently denied.

**IT IS SO ORDERED.**

Dated: April 27, 2023

JAMES DONATO
United States District Judge